IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BENITA VILLATORO                                                                    PLAINTIFF

V.                          Civil No. 2:24-cv-02152-TLB-MEF

FRANK BISIGNANO, Commissioner,[1]
Social Security Administration                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Benita Villatoro, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff filed her applications for DIB and SSI in July 2019[2], alleging disability since July 27, 2019, due scoliosis, degenerative disk disease ("DDD"), adjustment disorder, anxiety, depression, and sciatica.  (ECF No. 8, pp. 146, 157, 173, 187, 298-311, 357, 381-382).  The Commissioner denied Plaintiff's applications initially and on reconsideration, and an

---

[1] Frank Bisignano was sworn in to serve as Commissioner of the Social Security Administration on May 7, 2025, and in his official capacity is substituted as defendant.  *See* Fed. R. Civ. P. 25(d).
[2] Plaintiff filed a prior application for benefits in August 2008 which was denied by ALJ Edward Starr on April 7, 2010.  (ECF No. 8, pp. 101-110).  Additionally, her November 2021 application was denied by ALJ Glenn Neel on September 14, 2014.  (ECF No. 8, pp. 122-136).

administrative hearing was held on October 5, 2021. (*Id*. at 63-96). Plaintiff was present and represented by counsel.

On her alleged onset date, Plaintiff was 36 years old and possessed a high school education. (ECF No. 8, pp. 146, 358). She had no qualifying past relevant work ("PRW") experience. (*Id*. at 40).

On June 2, 2022, Administrative Law Judge ("ALJ") Bill Jones identified Plaintiff's scoliosis, DDD, deformity of the ankle, surgical fixation of the right forearm, and obesity as severe impairments. (ECF No. 8, p. 28). He concluded, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 31). As such, ALJ Jones found Plaintiff capable of performing a full range of sedentary work. (*Id*.). Utilizing Medical Vocational-Rule 201.27, he determined the Plaintiff was not disabled. (*Id*. at 40-41).

The Appeals Council denied Plaintiff's request for review on December 22, 2022. (ECF No. 8, pp. 15-21). Plaintiff subsequently filed her Complaint to initiate this action. (ECF No. 2). Both parties have filed appeal briefs (ECF Nos. 9, 14), and the matter is ripe for resolution. The case has been referred to the undersigned for Report and Recommendation.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder will only consider Plaintiff's age, education, and work experience in the light of her

residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II. Discussion

Plaintiff raises several issues on appeal, including an allegation that she was denied a full and fair hearing. The ALJ obtained a consultative evaluation after the administrative hearing but refused to submit her interrogatories to the author. "A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Hepp v. Astrue*, 511 F.3d 798, 804 (8th Cir. 2008); *see also, e.g.*, *Wilburn v. Astrue*, 626 F.3d 999, 1003 (8th Cir. 2010). Fundamental to due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted); *cf. Haynes v. Apfel*, 205 F.3d 1346, 2000 WL 84500, at *1 (8th Cir. 2000) (per curiam). This includes "the opportunity to cross-examine and subpoena the individuals who submit reports." *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (citing *Richardson v. Perales*, 402 U.S. 389, 401-406 (1971)).

To determine whether the process afforded in a particular case is sufficient under the due process clause, courts must balance:

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Eldridge*, 424 U.S. at 335.

According to the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), an ALJ must proffer post-hearing medical reports to the Plaintiff. *See Posthearing Evidence – When Proffer is Required*, HA 01270.001, *available at*

https://secure.ssa.gov/apps10/poms.nsf/lnx/2501270001.  To do so, he must send a letter to the Plaintiff and his/her appointed representative allowing them to comment on, object to, or refute the evidence by submitting other evidence; or if required for a full and true disclosure of the facts, cross-examine the author(s) of the evidence.  *Id*; *see also Proffer Procedures*, HA 01270.030, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/2501270030.  Thus, the ALJ is vested with determining whether cross-examination is necessary.  *Id*.

Following Plaintiff's administrative hearing, the ALJ ordered a consultative examination which was conducted by Dr. Jordan Hanberry on February 16, 2022.  (ECF No. 8, pp. 694-698).  He indicated that the Plaintiff had alleged disability due to forearm pain, acknowledging her May 2021 fall and subsequent surgery during which a plate and pins were placed in her upper extremity.  Dr. Hanberry further noted her report of sharp pain and a numbing sensation in the fingers with movement that was worsened by activity and certain movements as well as difficulty lifting, pulling, and pushing.  Further, he stated that she denied experiencing mood changes, depression, suicidal ideation, nervousness, anxiety, difficulty concentrating, and difficulty sleeping.

On exam, Dr. Hanberry documented a well-nourished female who was appropriately dressed and in no acute distress.  (ECF No. 8, p. 695).  Further, he described a decreased range of motion in her right hand; 4/5 grip strength with fine motor movements and the ability to grasp and manipulate objects; a scar on her right forearm; good motor strength and tone; and a normal gait with the ability to rise from a sitting position without assistance, stand on toes and heels, tandem walk, and bend and squat without difficulty.  From a mental perspective, Dr. Hanberry recorded no evidence of depression or anxiety, the ability to communicate without difficulty, intact recent and remote memory, and good insight and cognitive function.  X-rays of her right forearm also revealed previous surgical fixation of the distal radius, a well healed ulna, intact ulnar styloids,

and mild osteopenia. (*Id*. at 696). Accordingly, the doctor concluded she could sit, stand, and/or walk for a full workday; should be limited in holding or carrying objects heavier than 10 pounds due to decreased strength and mobility in the right hand; should be limited in any overhead tasks or jobs that require manual labor; could hold a conversation; and could respond appropriately to questions and carry out and remember instructions.

On March 14, 2022, ALJ Jones penned a letter to Plaintiff's counsel advising her that he proposed to enter the results of Dr. Hanberry's consultative examination into the record and of her right to submit written comments concerning the evidence, a written statement as to the facts and law believed to apply to the case, additional records the Plaintiff wished for him to consider, and/or written questions for the author of the new evidence subject to his discretion concerning their necessity. (ECF No. 8, pp. 430-431). The letter further stated that counsel could request a supplemental hearing, which he would grant unless he decided to issue a fully favorable decision. (*Id*.).

Ten days later, counsel filed objections to the proffered evidence. (ECF No. 8, pp. 433-439). She maintained that Dr. Hanberry was not qualified to conduct orthopedic and mental health examinations of the Plaintiff because his specialty is urology and men's health. Further, counsel argued that Dr. Hanberry did not conduct a thorough examination of Plaintiff, spending only five minutes with her, and incorrectly noting that she denied mood changes, depression, suicidal ideation, anxiety, and difficulty concentrating or sleeping at night. Additionally, she insisted it was not clear from Dr. Hanberry's opinion which medical records he reviewed in conjunction with Plaintiff's exam. His assessment stated only "available DDS documentation," and he failed to mention the surgical and imaging records contained in the record. Had he reviewed the full record, counsel posited that he would not have stated the Plaintiff alleged disability due to forearm pain.

As such, she requested that Dr. Hanberry's opinion be given no weight, or in the alternative, that he be asked to complete interrogatories.

The ALJ denied Plaintiff's request to submit the interrogatories to Dr. Hanberry. In his opinion, he made the following findings:

> Ms. Gallo's second brief, dated March 24, 2022, objected to entering into evidence the consultative examination conducted by Dr. Jordan Hanberry in October 2021. The bases for this objection included that Dr. Hanberry's specialty of urology and men's health is unrelated to the claimant and her medical conditions; that he made inaccurate statements within his report; that it is unclear what medical records and other documents he reviewed prior to making his determinations; and that his assessments regarding the claimant's mental abilities are unqualified. As a result, Ms. Gallo asked that Dr. Hanberry's report be given either no weight or that he answer submitted interrogatories. (Exh. E17E). After consideration of these grounds for objection, the undersigned also overrules this objection. Hallex 1-2-7 provides guidance that an administrative law judge will evaluate whether additional questioning is necessary. In this situation, further questioning is not necessary because the usefulness of Dr. Hanberry's report can be limited to his physical findings upon exam and corresponding assessments. With the addition of the medical records, two other consultative examinations, the claimant's hearing testimony, and other evidence of record, there is sufficient evidence to make a finding in this case.

(ECF No. 8, pp. 25-26).

Utilizing the balancing test established in *Eldridge*, the private interest involved here is Plaintiff's interest in a fair determination of her qualification (or lack thereof) for social security disability benefits and a meaningful opportunity to present her case. A disability determination is based on several factors, including the objective medical evidence in the case. Merely limiting admission of the report to Dr. Hanberry's "physical findings" is not sufficient to cure the alleged errors Plaintiff has raised. She contests both his qualification to conduct an orthopedic examination and the thoroughness of said exam. Additionally, the Plaintiff seeks clarification as

to which medical records were submitted to Dr. Hanberry for review because his opinion fails to clearly state the evidence upon which it relies.

The information sought to be gleaned through said interrogatories could impact the credibility of both the physician and his physical findings – findings upon which the ALJ relied in determining Plaintiff's RFC.  Moreover, given the Social Security Administration's Program Operations Manual System provision for a supplemental hearing upon request (and such a hearing was offered by the ALJ), it appears the Administration has internally weighed the costs and benefits of providing a hearing and concluded the additional process afforded by a hearing normally outweighs the hardship.  Submission of interrogatories is a much less burdensome procedure than a supplemental hearing and does not appear to be an undue burden.  Therefore, we believe the Plaintiff should have been allowed to submit her interrogatories to the physician.

Additionally, we note that the ALJ improperly discounted Dr. Eric Boe's August 2021 opinion that the Plaintiff could never carry any amount of weight; lift/carry in a competitive work situation; perform posturals; or grasp, turn, twist, fine manipulate, reach in front, or reach overhead with her right arm.  (ECF No. 8, pp. 553-556).  Rather than reaching out to Dr. Boe to clarify whether his restrictions were temporary or should apply indefinitely, the ALJ afforded his opinion no weight.  (*Id*. at 39).  Six months later, however, we note that Dr. Hanberry also concluded the Plaintiff would be limited in her ability to hold or carry objects heavier than 10 pounds and could not perform manual labor.  Because Plaintiff's ability to lift, carry, and handle is crucial,[3] we find remand is also necessary to allow the ALJ to reconsider Plaintiff's RFC.  *See Ellis v. Barnhart*,

---

[3] Most unskilled sedentary jobs require good use of both hands and fingers.  *See* 20 CFR § 404.1567(a).

392 F.3d 988, 994 (8th Cir. 2005) (duty to seek clarification from treating physician rises when crucial issue is undeveloped).

Accordingly, we recommend remand to allow the Plaintiff a meaningful opportunity to address the post-hearing report. On remand, the ALJ should also reconsider the evidence concerning the Plaintiff's RFC. It is strongly recommended that he recontact Dr. Boe to determine the duration of his restrictions.

### III. Conclusion

Based on the foregoing, it is RECOMMENDED that the Commissioner's decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of August 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE